The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the named employer and the named employee.
3. Liberty Mutual is correctly named as the carrier on the risk.
4. Plaintiff-employee's average weekly wage may be determined from a Form 22 wage chart.
5. The issue before the Commission is whether Plaintiff sustained a compensable injury by accident or specific traumatic incident.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff is a male who was 65 years old on the date of the hearing. Plaintiff began working for Defendant as a truck driver in late April, 1992.
2. Plaintiff alleges that on or about July 25, 1992 he injured his back while driving for Defendant when his seat "bottomed out" as he drove through a construction area. However, for reasons more fully set out below, the undersigned do not find this testimony credible.
3. The evidence produced at hearing and subsequent thereto shows that Plaintiff was untruthful about his history of back pain. On his application for employment with Defendant dated April 21, 1992, Plaintiff was asked "have you ever had a back injury or back trouble" and responded with "no".
4. In his testimony, Plaintiff denied prior treatment to his lower back, and claimed he previously only had treatment to his upper back for "tension". However, the chiropractic records in evidence show Plaintiff has been treated for low back pain as far back as April, 1976 and continuing into April, 1989. At the hearing, Plaintiff refused to disclose the name of his treating chiropractor until he was ordered to do so by the Deputy Commissioner.
5. Plaintiff alleges that the "accident" of July 25, 1992 injured and bruised his tailbone. However, the records of Chiropractor Beal show that more than a month prior, on June 15, 1992, Plaintiff was complaining that his tailbone was sore, and that this started on June 13, 1992, with no history of accident.
6. There is insufficient medical evidence of record from which to prove by the greater weight that plaintiff's back complaints were causally related to the July 25, 1992 incident or that the incident significantly aggravated his pre-existing back condition.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that on or about July 25, 1992, he sustained an injury by accident or a specific traumatic incident arising out of and in the course of his employment with Defendant. N.C.G.S. §97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law Plaintiff's claim must be and is DENIED.
2. Each side shall pay their own costs.
This is the 30th day of December, 1997.
 S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ DOUGLAS BERGER DEPUTY COMMISSIONER